## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EPSTONE, INC. d/b/a ARTISTIC TILE, INC.<br><br>Plaintiff<br><br>v.<br><br>RAPHAEL STONE USA AND RAPHAEL STONE DESIGN, LLC<br><br>Defendant | **COMPLAINT**<br><br>Case No.<br><br>**JURY TRIAL DEMAND** |

Plaintiff Epstone, Inc. d/b/a Artistic Tile, Inc. ("Artistic Tile" or "Plaintiff") by and through its undersigned counsel, alleges as follows:

### NATURE OF ACTION

1. This is an action seeking injunctive and monetary relief based upon copyright infringement by defendants, Raphael Stone USA ("Raphael Stone") and Raphael Stone Design, LLC ("Raphael Stone Design") (collectively "Defendants"), who copied Plaintiff's proprietary tile designs as shown in the attached Exhibits "A" ("Orchid") and Exhibit "C" ("Vitruvious"), respectively and infringed upon Plaintiff's copyrights in Orchid and Vitruvious, in violation of the copyright laws of the United States, 17 U.S.C. § 101 et seq.

## THE PARTIES

2.   Artistic Tile is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business and slab gallery located at 520 Secaucus Road, Secaucus, New Jersey 07094.

3.   Artistic Tile a leading authority in the business of manufacturing, importing and distributing luxury tile and stone products throughout the United States.

4.   Artistic Tile has multiple branded showrooms across the country and in the tristate area where it sells its hand carved mosaics and other proprietary stone, marble and glass designs. Additionally, Artistic Tile sells its products nationally through approximately 200 licensed dealers.

5.   Upon information and belief, defendant Raphael Stone is a corporation organized under the laws of the State of New Jersey with its known principal headquarters and place of business at 600 Willow Tree Road, Lodi, New Jersey 07605.  Raphael Stone also has distribution centers throughout the United States and Israel.

6.   Upon information and belief, defendant Raphael Stone is a quartz manufacturing company who touts itself as one of the largest suppliers of quartz stone, and also sells marble, granite, mosaics, and engineered marble products.

7.   Upon information and belief defendant Raphael Stone Design is a limited liability corporation organized under the laws of the State of New Jersey with its principal place of business at 6-9 Park Place, Lodi, New Jersey 07644.

8.   Upon information and belief, Raphael Stone Design is a corporate affiliate of Raphael Stone and handles the installation and fabrication of all stone, marble, granite and mosaics manufactured and sold by Raphael Stone.  Upon further information and belief, Defendants work together in the manufacture, sale, distribution and installation of their products.

9.   Upon information and belief, Raphael Stone is currently and at all times relevant hereto, has been engaged in the business of designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or causing to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold various tile and stone products for the home, kitchen and bath.

10. Upon information and belief, Raphael Stone Design is currently and at all times relevant hereto, has been engaged in the business of designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or causing to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold various tile and stone products for the home kitchen, and bath.

## JURISDICTION AND VENUE

11. This action arises under the United States Copyright Act, 17 U.S.C. §101 *et seq*.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants because both Raphael Stone and Raphael Stone Design conduct business in the State of New Jersey and in this District, including engaging in the sale, offering for sale and the advertisement of the products accused herein.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, Raphael Stone and Raphael Stone Design are either each subject to personal jurisdiction within this District and/or Raphael Stone and Raphael Stone Design's unlawful activities, as alleged below, have been committed and have had a substantial impact in this District.

## FACTS

### The Orchid Design

15. The design more formally known as Michael Aram Orchid for Artistic Tile, was created and developed in 2017 by Artistic Tile and famed homeware and jewelry designer Michael Aram.  Orchid is a collaboration originating from a 2015 license agreement entered into by Michael Aram, Inc. and Artistic Tile ("License Agreement").

16. Pursuant to the License Agreement, Artistic Tile is the exclusive licensee of Orchid, along with various other products it creates, develops, manufactures and sells in collaboration with Michael Aram.  The exclusive patterns and designs (including Orchid) bearing the Michael Aram trademark for Artistic Tile are sold and distributed exclusively by Artistic Tile.

17. Artistic Tile as the exclusive licensee of the Michael Aram products, has standing to enforce all rights associated with the Orchid copyright and products.[1]

18. Orchid is a part of Artistic Tile's awarding winning hand carved mosaic collection. Orchid, is a winner of Interior Design's 2017 Best of Year Award and Hospitality Design Magazines 2018 HD Award for Surfaces.

---

[1] In addition to Orchid, Artistic Tile sells four (4) other exclusive tile patterns bearing the Michael Aram name.

19. Orchid is quite distinctive in the marketplace because it is the first of its kind to use dimensional hand carved and distinctly positioned flowers to create an allover dimensional pattern against a smooth backdrop.  The complexity of the floral arrangements, down to the intricate placing of each flower's vining and leaves, is an innovative technique in decorative tile. Annexed hereto as Exhibit "A" are copies of photos of Orchid. Orchid is also available in a flat design to use on floors and other surfaces.

20. Orchid constitutes original and copyrightable subject matter under the United States Copyright Act pursuant to Copyright Registration No. VA 2-082-267.  A copy of the registration certificate is annexed hereto as Exhibit "B".

21. Artistic Tile has duly complied with all relevant requirements of the United States Copyright Act with respect to Orchid.

22. Orchid has been in the marketplace since 2017 and has had tremendous commercial success.

**The Vitruvious Design**

23. Vitruvious was created in 2019 by Artistic Tile and is part of Artistic Tile's stone mosaic collection. Vitruvious embodies remnants of ancient Roman civilization in a design that marries and weaves together creating a unique interlocking circle pattern when multiple pieces are joined. *See* Exhibit "C".

24. Vitruvious constitutes original and copyrightable subject matter under the United States Copyright Act pursuant to Copyright Registration No. VA 2-183-382.  A copy of the registration certificate is annexed hereto as Exhibit "D."

25. Artistic Tile has duly complied with all relevant requirements of the United States Copyright Act with respect to Vitruvious.

26. Vitruvious has been a highly sought-after and successful product.

**Copyright Infringement of Artistic Tile's Sought After Designs**

27. Upon information and belief, Defendants recognized the commercial viability and success of the Orchid and Vitruvious patterns while they were displayed and advertised in the retail marketplace at Artistic Tile's showrooms, authorized dealers, trade shows, the Artistic Tile website, as well as in trade publications and other advertising and marketing materials.

28. Upon information and belief, Defendant thereafter embarked on a campaign to intentionally design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or cause to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Artistic Tile, two indistinguishable product lines named Orchidea Nero and Vitruvius Grigio.

29. Orchidea Nero bears a design that is a *studied imitation* of Orchid (the "Infringing Design I").  Artistic Tile first became aware of Infringing Design I in the marketplace in the summer of 2021, when it was brought to their attention by multiple California distributors, eight years *after* the release of the copyright protected Orchid.

30. Upon information and belief, an examination of Infringing Design I unequivocally demonstrates that same is a studied imitation of Artistic Tile's Orchid by Michael Aram. Annexed hereto as Exhibit "E" are photographs of product from the Orchidea Nero line.

31. Vitruvius Grigio bears a design that is a ***studied imitation*** of Vitruvious (the "Infringing Design II"). Artistic Tile first noticed Infringing Design II in the marketplace in the summer of 2021, eight years ***after*** the release of the copyright protected Vitruvious. Annexed hereto as Exhibit "F" are photographs of the Vitruvius Grigio line.

32. Upon information and belief, Defendants are keenly aware of the value in Orchid and Vitruvious and shamelessly copied Artistic Tile's precise prototypes of Orchid and Vitruvious, going so far as to offer Infringing Designs I and Infringing Design II in identical patterns and color schemes, to multiple showrooms, including those that distribute Artistic Tile products. *See* Exhibits "E" and "F."

33. Upon information and belief, Defendants have distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or caused to be distributed, supplied, advertised, promoted, offered for sale and/or sold, Infringing Design I and Infringing Design II, throughout the United States, showrooms in this District, and online channels.

34. Another of Artistic Tile's unique and noteworthy designs is Duomo, a proprietary waterjet pattern created in 2020. A photo of Duomo is annexed hereto as Exhibit "G".

35. It appears that Defendants are also copying Duomo with an identical pattern they call Trianglo Grigio ("Infringing Design III"). Artistic Tile first noticed Infringing Design III in the marketplace in the summer of 2021, more than a year ***after*** the release of Duomo. Annexed hereto as Exhibit "H" are photographs of the Trianglo Grigio line.

36. Upon information and belief, Defendants have also distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or caused to be distributed, supplied, advertised,

-7-

promoted, offered for sale and/or sold, Infringing Design III, throughout the United States, showrooms in this District, and online channels.

37. Artistic Tile goes to extensive lengths to protect its intellectual property. In the summer of 2021, Artistic Tile discovered Defendants' unlawful conduct with regarding to its infringing designs, though same may have been in the marketplace even earlier. Consequently, on August 27, 2021, Artistic Tile, through counsel, sent a cease-and-desist notice to Defendants requesting that they immediately cease and desist from continued use of the Infringing Design I, Infringing Design II and Infringing Design III. Annexed hereto as Exhibit "I" is a copy of the August 27, 2021 letter.

38. No formal response from Defendants was ever received.

39. Upon information and belief, Defendants continue to market and sell Infringing Design I, Infringing Design II and Infringing Design III.

40. Upon information and belief, rather than undergoing the effort and expense of developing and creating its own unique designs, Defendants have deliberately, willfully, knowingly and with reckless disregard of Artistic Tile's rights, replicated Orchid, Vitruvious and Duomo, in full or substantially so, in the form of Infringing Design I, Infringing Design II and Infringing Design III, using Artistic Tile's name and reputation to offer imitation copies that differ in price and quality, thus causing considerable damage to the Artistic Tile.

41. Unless Defendants are enjoined, such conduct will continue to severely inhibit and/or destroy the value of Artistic Tile's copyrights in Orchid and Vitruvious, along with its common law copyright protection in Duomo.

## COUNT I
## <u>COPYRIGHT INFRINGEMENT</u>

42.  Artistic Tile incorporates by reference each and every allegation contained in paragraphs 1-42 herein.

43.  Artistic Tile has standing as the exclusive licensee, to assert the rights inherent in U.S. Copyright Registration No. VA-2-082-267, which registration is in full force and effect as it relates to its design known and sold as Orchid.

44. Artistic Tile is the owner of the design known as Vitruvious and can assert all rights inherent in U.S. Copyright Registration No. VA-2-183-382, which registration is in full force and effect as it relates to its design known and sold as Vitruvious.

45. Artistic Tile has common law copyright protection in the Duomo pattern, one of its unique proprietary designs.

46. Defendants without authorization, license or permission from Artistic Tile, have designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or have caused to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, tile under the Orchidea Nero and Vitruvius Grigio names and have deliberately and intentionally copied from and/or have made substantially similar designs to that of Orchid and Vitruvious.

47. Defendants have willfully infringed and, upon information and belief, continues to willfully infringe upon Artistic Tile's copyright in and to Orchid.

48. Defendants have willfully infringed and, upon information and belief, continue to willfully infringe upon Artistic Tile's copyright in and to Vitruvious.

49. Defendants have willfully infringed and, upon information and belief, continues to willfully infringe upon Artistic Tile's common law copyright in Duomo.

50. Upon information and belief, by its acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

51. Upon information and belief, Defendants intend to continue their willful conduct and will continue to willfully infringe and act in bad faith by using Artistic Tile's copyrights in Orchid and Vitruvious, unless restrained by this Court.

52. Upon information and belief, Defendants intend to continue their willful conduct and will continue to willfully infringe and act in bad faith by using Artistic Tile's common law copyright in Duomo, unless restrained by this Court.

53. Defendants unlawful conduct has damaged Artistic Tile, and unless enjoined, will continue to irreparably damage Artistic Tile and Artistic Tile has no adequate remedy at law.

WHEREFORE, Artistic Tile respectfully requests the following relief:

A. Judgment for Artistic Tile that Defendants has willfully infringed Artistic Tile's copyrights Orchid and Vitruvious in violation of 17 U.S.C. §501;

B. An order preliminarily and permanently enjoining and restraining Defendants and their officers, agents, servants, employees, attorneys, affiliates, subsidiaries and all those in active concert or participation with any of them, and all those on notice of this suit from:

-10-

(i)     Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or causing to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, any products which bear the Infringing Designs, or any other design that is identical to or substantially similar in overall appearance to Orchid and Vitruvious; and

(ii)    Otherwise infringing or causing others to infringe upon Artistic Tile's Orchid and Vitruvious.

C.   An order that Defendants will be required to recall all infringing items and advertising and promotional materials and thereafter deliver up for deconstruction to Artistic Tile all products bearing the Infringing Design I (Orchidea Nero) and Infringing Design II (Vitruvius Grigio) or any other design that is identical to or substantially similar in overall appearance to Orchid and Vitruvious artwork, packaging, advertising and promotional materials for such products, and any means of making such products;

D.   An order that Defendants will be required to recall all infringing items and advertising and promotional materials and thereafter deliver up for deconstruction to Artistic Tile all products bearing the Infringing Design III (Trianglo Griglio) or any other design that is identical to or substantially similar in overall appearance to Duomo's artwork, packaging, advertising and promotional materials for such products, and any means of making such products;

E.   An order that Defendants be required to disclose the full contact details (including but not limited to the company name, business address, telephone number and contact person) of the

-11-

supplier of the materials used in the manufacturing Infringing Design I and Infringing Design II, and Infringing Design III, as well as each and every other party involved in the supply chain;

F.   An order that Defendants be directed to file with the Court and serve upon Artistic Tile within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth aboveAn order awarding all damages that Artistic Tile has sustained and will sustain as a result of Defendants' infringing acts, and all gains, profits and advantages obtained by Defendants' infringing acts by their unlawful use of Infringing Design I, Infringing Design II, and Infringing Design III, to be fully determined by an independent certified public accountant, along with any and all additional damages proven at trial ;

G.   An order awarding Artistic Tile statutory damages to the full extent provided for by the U.S. Copyright Act;

H.   An order awarding Artistic Tile all other damages suffered by reason of Defendants wrongful acts, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. 1117(a), and the cost of this action;

I.   An order awarding Artistic Tile pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants; and

J.   An order awarding Artistic Tile any additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: _____

M. Ross & Associates, LLC
440 Sylvan Avenue, Suite 220
Englewood Cliffs, New Jersey 07632
Phone:  201-568-2064
Fax:  201-608-7191
Email:  michele@mrossllc.com

Attorneys for Plaintiff
Epstone, Inc. d/b/a Artistic Tile, Inc.

Dated:  November 9, 2021